**STATE of Maine**

v.

**Everett LOWE.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1983.

Decided Oct. 6, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), R. Christopher Almy, Asst. Dist. Attys., Bangor, for plaintiff.

Ferris, Dearborn, Willey, N. Laurence Willey (orally), Brewer, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

MEMORANDUM OF DECISION.

The defendant-appellee, Everett Lowe, in the Superior Court, Penobscot County, filed a motion to dismiss the indictment against him charging him with the crime of having in his possession or under his control some firearms in violation of 15 M.R.S.A. § 393, having been convicted in April of 1961 of grand larceny, a crime punishable at the time by one year or more imprisonment. The Superior Court justice did order dismissal of the indictment from which adjudication the State has appealed pursuant to 15 M.R.S.A. § 2115–A. We vacate the order of dismissal.

The reasoning of the justice below was twofold: 1) the defendant, if prosecuted under present law for the larceny committed in 1961, could not be convicted of a crime punishable by one year or more imprisonment, and thus presumably was beyond the reach of 15 M.R.S.A. § 393, i.e. that the Legislature did not intend the reference section to apply to past convictions for crimes which under the crime classifications of the present Maine Criminal Code would not be punishable by one year or more imprisonment, and 2) if section 393 were construed to be applicable to the defendant's case, then the statute as applied would be unconstitutional for the imposition of a bill of attainder in violation of the defendant's constitutional rights. *See* Maine Constitution, art. I, § 11 and United States Constitution, art. I, § 10.

The court's first basis for dismissal of the indictment was rejected in the case of *State of Maine v. Vainio* decided since the oral argument in this case was presented to the Law Court. *Vainio* controls. *See State v. Vainio*, 466 A.2d 471 (1983).[1]

---

1. The defendant-appellee argued very forcefully that the court's interpretation will cause unfair results to be visited upon certain individuals whose past conduct, when viewed in the context of present standards, might reflect such extenuating circumstances that it could possi-

The defendant's other claim which the trial justice accepted as sustaining the propriety of dismissing the indictment has also been laid to rest in *State v. Myrick,* 436 A.2d 379, 384 (Me.1981). As in *Myrick,* section 393 as applied to the defendant does not constitute a bill of attainder.

The entry is:

Order of the Superior Court dismissing the indictment vacated.

Case remanded for further proceedings, consistent with the opinion herein.

All concurring.

bly be said that the Legislature did not envisage the ultimate eventual occurrence. Without intimating any opinion thereon, we may direct one's attention to the legislative remedy ex-

pressly ordained for cases of that type in the Code's provisions respecting *de minimis* infractions. *See* 17–A M.R.S.A. § 12.